**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| KENNETH WILLIAMS, #305762 | : |
|     Plaintiff | : |
| v. | :  Civil Action No. AW-07-1400 |
| WARDEN, ECI | : |
|     Defendant | : |

**MEMORANDUM**

Kenneth Williams, presently confined at the District of Columbia Jail,[1] filed a civil rights action pursuant to 42 U.S.C. § 1983, seeking money damages and alleging that the Warden at the Eastern Correctional Institution at Westover, Maryland improperly allowed Williams's transfer to the District of Columbia facility in violation of the Interstate Agreement on Detainers (IAD). Plaintiff's request to proceed without prepayment of the civil filing fee (Paper No. 2) shall be granted. His complaint, however, shall be dismissed.

A plaintiff who seeks damages under 42 U.S.C. § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, or invalidated. *See Heck v. Humphrey*, 312 U.S. 477, 486-87 and n. 6-8 (1994). Plaintiff does not allege that the District of Columbia courts have acted to prevent his current detention and prosecution based on violations of the IAD. Thus his claim of entitlement to damages is premature.

To the extent that Plaintiff is claiming that the execution of the District of Columbia detainer violated his due process rights, that claim is more properly construed as a writ of habeas

---

[1] It is unclear whether Williams is a pretrial detainee awaiting trial or has been convicted on charges pending in the District of Columbia.

corpus pursuant to 28 U.S.C. § 2241.  Subject matter jurisdiction of the § 2241 habeas corpus petition lies in the federal district court where the litigant is incarcerated or in the federal district court where the litigant's custodian is located.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973).  Plaintiff is confined in the District of Columbia, and his custodian, or the person who has the day-to-day responsibility for his custody, would be the warden at the District of Columbia Jail.

     For these reasons, this action shall be dismissed without prejudice and without requiring a response from the named defendant.  A separate order follows.

Date: June 4, 2007

                                                  /s/
                                      Alexander Williams, Jr.
                                      United States District Judge